IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WASHINGTON | : | CIVIL ACTION |
| v. | : | |
| P/O COLIN GOSHERT, et al. | : | NO. 12-924 |

### MEMORANDUM ORDER

AND NOW, this 5th day of April, 2013, upon consideration of the Motion in Limine to Preclude Testimony at Trial Regarding a Subsequent Car Stop Involving Officer David O'Connor and Plaintiff Michael Washington (Doc. 34) filed by defendants, Police Officers Colin Goshert and David O'Connor (the "Motion") and plaintiff's response thereto (Doc. 36), it is hereby

### ORDERED

that the Motion is **GRANTED**.

In this civil rights action, plaintiff alleges that on October 9, 2010, the two defendants, Philadelphia Police Officers Goshert and O'Connor stopped him without probable cause while he was driving his car. Plaintiff further alleges that defendants used excessive force during plaintiff's subsequent arrest.

In the Motion, defendants have informed the court that plaintiff will seek to introduce at trial evidence that in December 2012, Officer O'Connor, while on duty and in uniform, pulled over a vehicle occupied by Mr. Washington and his son, Saabir-al-Malik. Officer O'Connor searched both plaintiff and his son. According to plaintiff, Officer O'Connor specifically asked plaintiff whether he had settled the lawsuit presently before the court.

Defendants argue that this evidence is irrelevant, and any probative value of the

evidence is outweighed by the danger of unfair prejudice, or its tendency to confuse and mislead the jury.  In response to defendants' Motion, plaintiff argues that evidence of the December 2012 stop is relevant and probative.  Specifically, plaintiff contends that it "shows Officer O'Connor's propensity to stop vehicles and search their occupants without probable cause" and that "the statement Officer O'Connor made is an admission by a party opponent, which is held to be admissible by Fed. R. Civ. Pro. 801(d)(2)."  (Resp. at 1-2.)

The court is not persuaded by plaintiff's argument.[1]  Plaintiff's contention that the proposed evidence is offered to show "Officer O'Connor's propensity to stop vehicles and search their occupants without probable cause" is expressly prohibited by Fed. R. Evid. 404(b).  Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that one a particular occasion the person acted in accordance with the character."  In order for evidence to be admissible under Rule 404(b), "other acts evidence must be offered for a proper purpose, i.e., a purpose other than showing that an individual has a propensity or disposition for certain activity."  Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515 (3d Cir. 2003).[2]  See also Palmer v. Nassan, 454 F.App'x

---

[1] Even if the statement purportedly made during the December 2012 traffic stop does not constitute hearsay as an admission under Fed. R. Evid. 801(d)(2), it will be excluded for the reasons set forth more fully herein.

[2] In Ansell, the Third Circuit explained:

> Rule 404(b) thus prohibits the admission of other acts evidence for the purpose of showing that an individual has a propensity or disposition to act in a particular manner.  Gov't of the Virgin Islands v. Pinney, 967 F.2d 912, 914 (3d Cir. 1992).  Such evidence may, however, be admitted if offered for a proper purpose apart from showing that the individual is a person of a certain character.  Id.

123, 126 (3d Cir. 2011) (not precedential) (affirming exclusion of evidence of three prior excessive force lawsuits against the defendant police officer because, inter alia, Rule 404(b) dictates that such evidence may not be used to establish the defendant's propensity to commit the charged act).  Plaintiff seeks to introduce the evidence of the December 2012 stop for an improper purpose, that is, to show Officer O'Connor's propensity to stop vehicles and search their occupants without probable cause.  Thus, the evidence of the December 2012 stop simply

---

> The typical Rule 404(b) case presents a prosecutor in a criminal case seeking to introduce evidence of prior bad acts of a defendant.  If the purpose of the evidence is to show that the conduct charged was not performed inadvertently, accidentally, or without guilty knowledge and intent (that is, for one of the specific permissible uses outlined in Rule 404(b)), it is admissible.  See, e.g., Givan, 320 F.3d at 460-62 (discussing admissibility of prior conviction for drug distribution to show knowledge, intent, and absence of mistake with respect to nature of drugs); United States v. Vega, 285 F.3d 256, 261-62 (3d Cir. 2002) (discussing admissibility of prior bad acts to show knowledge with respect to drug conspiracy).  <u>If the evidence is presented for the improper purpose of showing a propensity to act in a certain way, it is inadmissible</u>.  The evidence admitted in this case differs from garden variety Rule 404(b) matter because it is evidence, not of a prior bad act in a criminal case, but of a subsequent good act in a civil case.  Nonetheless, this evidence is encompassed by the plain text of Rule 404(b) which addresses "other . . . acts," not just prior bad acts.  See United States v. Echeverri, 854 F.2d 638, 645 (3d Cir. 1988) ("[T]here may be cases in which evidence of subsequent . . . acts may properly be admitted under Rule 404(b) [to show knowledge or intent.]"); see also United States v. Germosen, 139 F.3d 120, 128 (2d Cir. 1998) ("The fact that the evidence involved a subsequent rather than prior act is of no moment.").  Likewise, Rule 404(b) applies equally to civil, as well as criminal, cases.  Fed. R. Evid. 404 advisory committee's note.
>
> For other acts evidence to be admissible under the exceptions listed in Rule 404(b), (1) the evidence must have a proper purpose; (2) it must be relevant under Rule 401 and 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.  United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (citing Huddleston v. United States, 485 U.S. 681, 691-92, 108 S. Ct. 1496, 99 L. Ed.2d 771 (1988)).

Ansell, 347 F.3d at 521 (emphasis added).

cannot be used by plaintiff as he desires.

In addition, the evidence of the December 2012 stop is not relevant to the issues before the court – whether plaintiff's constitutional rights were violated during a stop and search allegedly without probable cause and whether plaintiff's constitutional rights were violated when one or both defendants allegedly used excessive force in subduing plaintiff, on October 9, 2010. As stated supra, evidence of the December 2012 stop by Officer O'Connor cannot be used with respect to plaintiff's claim that the October 2010 stop and search were made without probable cause, as propensity evidence is impermissible under Rule 404(b).  In addition, evidence of the December 2012 stop by Officer O'Connor sheds no light on the question whether plaintiff's constitutional rights were violated when one or both defendants allegedly used excessive force in subduing him in October 2010.  In Palmer, the Third Circuit noted that an excessive force claim under 42 U.S.C. § 1983 requires the jury to determine whether the officer used force that was objectively reasonable under the circumstances and facts confronting him at that time, without regard to his underlying motivation.  454 F.App'x at 126.  Because this analysis views the officer's actions objectively, the officer's subjective intent or motivation is irrelevant.  Id. Although Rule 404(b) might have permitted the plaintiff to introduce evidence of other acts to show the defendant officer's intent or motive, the court thus concluded that those factors were irrelevant to the proof of the excessive force claim and were properly excluded.  Id.  Accordingly, the evidence of the December 2012 stop by Officer O'Connor is not relevant to plaintiff's excessive force claim.

Moreover, Fed. R. Evid. 403 provides, that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

4

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Assuming arguendo that evidence of the December 2012 stop is relevant to plaintiff's claims in the case at bar, the court finds that the probative value of the December 2012 stop is substantially outweighed by the unfair prejudice to defendants and the danger of confusing the issues and misleading the jury. See United States v. Bergrin, 682 F.3d 261, 278 (3d Cir. 2012) (Rule 404(b) other acts evidence can be excluded under Rule 403 if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence). As discussed supra, the evidence of the December 2012 stop may not be used as propensity evidence and plaintiff has proffered no other legitimate use for such evidence. In addition, as defendant correctly notes, the car stop in December 2012 was an incident separate from the car stop in October 2010. To the extent plaintiff feels that his constitutional rights were violated by Officer O'Connor during the stop in December 2012, the case at bar is not the proper avenue for addressing such a claim. The jury may not find in plaintiff's favor for any perceived wrong committed during the December 2012 stop. The admission of evidence of the December 2012 stop has the potential to confuse the issues and the jury could be mislead on this point. See McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (finding that the district court did not err when it relied upon Rule 403 to exclude evidence of Philadelphia Police Department directives on the appropriate use of force because the directives had the potential to lead the jury to equate local policy violations with constitutional violations, and that this risk of confusing the issues substantially outweighed the directives' probative value).

For the foregoing reasons, the court will preclude the admission of evidence regarding the December 2012 stop.

BY THE COURT:

_/s/ Thomas  J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge